UNITED STATES BANKRUTPCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br>STEVEN MORRIS ANDERSEN,<br>TAMELA LOUISE ANDERSEN,<br><br>Debtors,<br>_____<br>STEVEN MORRIS ANDERSEN,<br>TAMELA LOUISE ANDERSEN,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN VIRGINIA UNIVERSITY,<br>A Virginia Corporation,<br>Defendants. | CHAPTER 7<br><br>CASE NO. R16-41464MGD<br><br>JUDGE DIEHL<br><br><br><br><br><br>ADVERSARY PROCEEDING<br>NO. |

## DEBTORS' ADVERSARY COMPLAINT TO DETERMINE DISCHAREABILITY OF STUDENT LOANS

COMES NOW, the Plaintiffs, Steven Morris Andersen and Tamela Louise Andersen (hereinafter collectively "ANDERSENS"), who file this Adversary Proceeding pursuant to 11 USC 523(a)(8)(b) requesting the Honorable Court to determine the dischargeability of student loan debts and order discharge thereof.

## JURISDICTION AND CORE STATUS

1. Debtors/Plaintiffs filed a Chapter 7 petition on June 23, 2016.

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Northern District of Georgia on July 12, 1984 (the

Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship act of 1984.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367of Title 28 of the United States Code.

5. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, the and in that event, the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## THE PARTIES

7. Defendant, Southern Virginia University, (hereinafter "the University"), is a Virginia corporation with its principal place of business located at One University Hill Drive, Buena Vista, Virginia 24416. Defendant's registered agent is Robert E. Huch, with an office address of Southern Virginia University, One University Hill Dr., Buena Vista, Virginia 24416.

8. Plaintiffs are debtors in the hereinabove titled Chapter 7 bankruptcy case.

## STATEMENT OF FACTUAL BASIS FOR ADVERSARY PROCEEDING

9. Debtors/Plaintiffs filed a Chapter 7 petition in this Court on June 23, 2016, designated as case number R16-41464MGD. On Schedule D of the Chapter 7 schedules, the debtors listed Southern Virginia University as a creditor on a judgment stemming from a co-signed private student loan with a balance as of December 22, 2010 of $50,718.30.

10. The primary borrower, their adult daughter, has also defaulted on the student loan.

11. The ANDERSENS kept up monthly payments on the loan from the initial payment until they filed for Chapter 7 bankruptcy on June 10, 2002.

12. Steven Morris Andersen is retired and his only source of income is Social Security. Tamela Louise Andersen is 58 years old and works as an independent contractor. Her income is unsteady.

13. The ANDERSENS' household income will go down significantly once Tamela Louise Andersen retires within the next several years.

## RELIEF SOUGHT

14. The ANDERSENS seek relief under 11 USC 523(a)(8)(b) stating that excepting this debt from discharge imposes and undue hardship on the Debtors.

## ARGUMENT

### I. Brunner Test

15. The 11th Circuit Court of Appeals has adopted the "Brunner test" to determine if undue hardship exists. In Re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003.); Brunner v. New York State Higher Educ. Serv., 831 F.2d 397, 397 (2d Cir. 1987).

16. The Brunner Test requires that Debtors seeking discharge of a student loan to establish three elements: (a) the Debtors cannot maintain, based on current income and expenses, a minimal standard of living; (b) additional circumstances exist which indicate that the state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and (c) the Debtors have made good faith efforts to repay the loans.

### A. Minimal Standard of Living

17. In determining whether the Debtors can maintain a minimal standard of living, the Bankruptcy Court for the Northern District of Alabama identified six factors that it deemed necessary for a minimal standard of living in America, including: shelter, basic utilities, food and personal hygiene products, vehicles and the costs associated therewith, health insurance, and some source of recreation. Ivory v. United States, 269 B.R. 890, 899 (Bankr. N.D. Ala. 2001).

18. The Bankruptcy Court for the Middle District of Georgia adopted these factors and clarified that "the Court must apply its common sense knowledge gained from ordinary observations in daily life and general experience to determine whether Debtor's expenses are reasonable and necessary. If Debtor expends funds for items not necessary for the maintenance of a minimal standard of living or if

Debtor expends too much for an item that is needed to maintain that minimal standard of living, then it is unlikely that, given Debtor's present circumstances, the first prong of the Brunner test is satisfied where such overpayment would permit Debtor to cover the expense of her student loan debt without sacrificing a minimal standard of living . . . ." Douglas v. Educ. Credit Mgmt. Corp. (In re Douglas), 366 B.R. 241, 253-54 (Bankr. M.D. Ga. 2007).

19. Based on current income and expenses, the ANDERSENS cannot maintain a minimal standard of living if forced to repay the loan. The ANDERSENS have been unable to make payments on the loan since their Chapter 7 bankruptcy, filed June 10, 2002, and discharged on April 8, 2005. Prior to that, the ANDERSENS had been in Chapter 13 bankruptcy from March 29, 1999, until June 8, 2002. The ANDERSENS have been unable to make arrangements with the University to establish a manageable payment schedule. Since their current income and expenses leave them with no disposable income, even a nominal repayment amount would yield a negative revenue balance for the ANDERSENS.

20. Perhaps more importantly, the ANDERSENS face a real and imminent possibility of harm stemming from the unsatisfied judgment. Because Tamela Louise Andersen works as an independent contractor, the most viable method of collection that the University could employ is not wage garnishment (which is capped at 25% of a debtor's paycheck) but bank levying; given the ANDERSENS' already precarious financial situation, the net result would be untenable for their financial wellbeing.

B. Additional Circumstances

21. As to the second prong of the Brunner test, Debtors must show "a total incapacity… in the future to pay [their] debts for reasons not within [their] control." In re Mallinckrodt, 274 B.R. 560, 566-67 (S.D. Fla. 2002) (quoting Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful), 267 F.3d 324, 328 (3d Cir. 2001). More succinctly, Debtors must show a "certainty of hopelessness." In re Douglas, 366 B.R. 241, 256 (Bankr. M.D. Ga 2007).

22. Steven Morris Andersen is retired and draws only Social Security retirement benefits as his sole source of income. Tamela Louise Andersen is 58. Once Mrs. Andersen retires, the ANDERSENS' income will drastically decrease. Growing old and confronting the reality of reduced marketability is completely outside of the ANDERSENS' control.

23. The ANDERSENS own no real property. They have only one vehicle. They have less than $250 in immediately available cash assets. They have no retirement savings.

24. Based on the foregoing facts, it is likely that not only will the ANDERSENS face a total incapacity to pay the student loan debt, it will certainly be a hopeless task. In addition, the burden imposed by the student loans will make it even more difficult for them to maintain any sort of living standard without incurring further financial difficulties that will inevitably place them back into bankruptcy.

## C. Good Faith Effort

25. The final prong of the Brunner test requires a good faith effort to repay the loan. As another circuit court has explained, such an inquiry does not contemplate any future efforts to repay because "if... so, no educational loan ever could be discharged, because it is always possible to pay in the future should prospects improve." Krieger v. Educ. Credit Mgmt. Corp., 713 F.3d 882, 884 (7th Cir. 2013.) This includes any requirements that the Debtors seek enrollment in any income-based plan for which they are eligible. As the 11th Circuit explains in Educational Credit Management Corp. v. Mosley (In re Mosley), 494 F.3d 1320, 1327 (2007), "[w]hile a debtor's effort to negotiate a repayment plan certainly demonstrates good faith, courts have rejected a per se rule that a debtor cannot show good faith where he or she has not enrolled in the [ICRP]." (citing Barrett v. Educ. Credit Mgmt. Corp (In re Barrett), 487 F.3d 353, 364 (6th Cir. 2007); In re Tirch, 409 F.3d 677, 682 (6th Cir. 2005); Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour), 433 F.3d 393, 402-402 (4th Cir. 2005).

26. The ANDERSENS made payments on the student loans until their 2002 bankruptcy. As with all matters of fact, the broader context is often informative. The ANDERSENS have had ongoing

financial difficulties that have contributed to their inability to repay the student loans. In addition to the current bankruptcy filing and the 2002 bankruptcy (discharged on April 8, 2005; this was also converted from a Chapter 13 originally filed on March 29, 1999), the ANDERSENS have also filed for Chapter 7 bankruptcy on June 22, 1987 and again on September 27, 1994.

27. The ANDERSENS student loans are entirely private, and as a result are ineligible for any number of repayment plans that would be alternative avenues of resolution.

## II. Alternative Standard

28. In the alternative, the Brunner Test has been superseded by subsequent changes to the Bankruptcy Code.

29. When the Brunner test was established, student loans were automatically dischargeable in bankruptcy – without the need to prove any sort of undue hardship – if it had been more than five years since the loans first became due for payment. Therefore, Brunner added a "good faith" element to 523(a)(8) for debtors attempting to discharge their loans before the five year period.

30. Due to changes in the Bankruptcy Code, student loans became non-dischargeable absent an adversary proceeding to determine their dischargeability. Therefore, the element of good faith under the Brunner Test is no longer a necessary or needed protection against abuse of the five year period, making a totality of the circumstances a more reasonable standard under the current Bankruptcy Code.

30. Under a totality of the circumstances standard, the ANDERSENS are unable to repay the student loan for the reasons discussed above. It is of prime importance to this case to note that we have an aging couple, with one earner retired and the other imminently close to retirement, that has a history of financial hardship. Even should they re-establish some sort of income-based payment plan, even with a repayment amount of $0, such plans usually end in taxable discharge after 20 or 25 years of timely payments. This presents the ANDERSENS with the prospect of a large tax liability as octogenarians – a situation contemplated by the 9th Circuit in Roth v. Educ. Credit Mgmt. Corp (In re Roth), 490 B.R. 908, 920 (9th Cir. B.A.P. 2013), when it ruled that "[w]hen absolutely no payment is

forecast, the law should not impose negative consequences for failing to sign up for the program. This is consistent with the general maxim that the law does not require a party to engage in futile acts. Congress could not have intended such a lengthy, empty commitment as a requirement for a determination of undue hardship.") (citations omitted.)

WHEREFORE, Debtors Steven Morris Andersen and Tamela Louise Andersen pray this Court will enter an Order finding the above described student loan dischargeable.

This 10th day of August, 2016.

/s/ Jeffrey B. Kelly
Attorney for Debtors/Plaintiffs
GA Bar No.: 412798

Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161
(706) 295-0030
(706) 413-1365 (fax)
lawoffice@kellycanhelp.com